IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLA SANDEFUR                                                                                    PLAINTIFF

vs.                                            Civil No. 4:21-cv-04002

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Carla Sandefur ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff originally filed her disability application on August 25, 2015, alleging disability beginning on March 13, 2014.  (Tr. 11, 179).[1]  In her application, Plaintiff alleges being disabled due to breast cancer (stage 2), high blood pressure, arthritis, diverticulitis, sleep apnea,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 20. These references are to the page number of the transcript itself not the ECF page number.

hypercalcemia, depression, fibromyalgia, anxiety, and kidney disease. (Tr. 307). Her application was denied initially and again upon reconsideration. (Tr. 79-196).

Ultimately, Plaintiff received an administrative hearing, and her disability claim was denied. (Tr. 6-24). Plaintiff appealed her denial to the U.S. District Court for the Western District of Arkansas. (Tr. 2594-2599). As a part of this appeal, the SSA agreed to a remand for further record development. *Id.* The ALJ then held an additional hearing on March 16, 2020. (Tr. 2534-2562). This hearing was held in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff was present and was represented by Linn Reed. *Id.* Plaintiff and Vocational Expert ("VE") Lenora Maatouk testified at this hearing. *Id.*

On May 13, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 2458-2476). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on September 30, 2016. (Tr. 2464, Finding 1). The ALJ found Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of March 13, 2014 through her date last insured of September 30, 2016. (Tr. 2464, Finding 2).

The ALJ determined, through her date last insured, Plaintiff had the following severe impairments: status post breast cancer with mastectomy; coronary artery disease (CAD) status post aortic dissection; obstructive sleep apnea; obesity; arthritis; anxiety; and depression. (Tr. 2464, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 2464-2466, Finding 4).

The ALJ determined Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), on her date last insured. (Tr. 2474, Finding 7). As for her

education, the ALJ determined Plaintiff had at least a high school education. (Tr. 2474, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 2466-2474, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for lifting and/or carrying up to 10 pounds occasionally or frequently; sitting for 6 hours, standing for 2 hours, and/or walking for 2 hours in an 8-hour workday; and, pushing/pulling as much as she can lift/carry. The claimant can never climb ladders, ropes, or scaffolds. Additionally, the claimant is able to perform simple, routine and repetitive tasks; is able to perform simple work-related decisions; and is limited to the performance of tasks where interpersonal contact is incidental to work performed.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW through her date last insured. (Tr. 2474, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 2474-2475, Finding 10). The VE testified at the administration hearing regarding this issue. Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations retained the capacity to work as a document preparer (sedentary, unskilled) with approximately 19,044 such jobs in the national economy; addresser (sedentary, unskilled) with approximately 3,002 such jobs in the national economy; and touchup screener (sedentary, unskilled) with approximately 1,011 such jobs in the national economy. (Tr. 2475, Finding 10).

In accordance with this finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from March 13, 2014 (alleged onset date) through September 30, 2016 (date last insured). (Tr. 2475, Finding 11). Plaintiff sought review with the Appeals Council. (Tr. 2435-2438). On December 16, 2020, the Appeals Council denied this request for review. *Id.* On January 12, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 28-29. Plaintiff has filed a reply brief in this matter also. ECF No. 30. This matter is now ripe for consideration.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 28.  In making this claim, Plaintiff raises five issues for reversal: (1) the ALJ erred by failing to comply with the Appeal's Council's remand order; (2) the ALJ failed to resolve an apparent conflict between the VE's testimony and the *Dictionary of*

*Occupational Titles (DOT);* (3) the ALJ failed to meet her burden at Step Five; (4) the ALJ erred by failing to comply with SSR 03-2P; and (5) the ALJ erred by failing to comply with *Polaski*. ECF No. 28 at 1-20. Upon review, the Court finds the ALJ's credibility determination is not supported by substantial evidence in the record; thus, the Court will only consider Plaintiff's fifth issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based her credibility determination upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 2466-2474, Finding 5). In her opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the objective medical evidence of record, the observations of the medical expert, and, in part, the state agency medical consultant as related to mental impairment.

(Tr. 2474).

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an

insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE